IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:08-CV-345-D

| | |
|---|---|
| WORTH L. INGRAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

In this action, plaintiff Worth L. Ingram ("plaintiff") challenges the final decision of defendant Commissioner of Social Security ("Commissioner") denying his application for a period of disability and disability insurance benefits ("DIB") on the grounds that he is not disabled. The case is before the court on the parties' respective motions for judgment on the pleadings. (D.E. 8, 12). The motions were referred to the undersigned Magistrate Judge for memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that the Commissioner's motion be granted, plaintiff's motion be denied, and the final decision of the Commissioner be affirmed.

## I. BACKGROUND

### A. Case History

Plaintiff filed an application for DIB on 9 December 2003, alleging a disability onset date of 2 July 2002 due to degenerative disk disease of the lumbar spine, failed back syndrome, non-insulin dependent diabetes mellitus, gastroesophageal reflux disease, hypertension, and depression. Transcript of Proceedings ("Tr.") 24-25. The application was denied initially, id. 40-43, and again upon reconsideration, id. 46-47, and a request for hearing was timely filed, id. 48-49. On 29 March

2006, a hearing was held before an Administrative Law Judge ("ALJ"). *Id.* 458-75. The ALJ issued a decision denying plaintiff's claim on 21 June 2006. *Id.* 14-22. Plaintiff timely requested review by the Appeals Council. *Id.* 20. The Appeals Council denied the request for review on 31 May 2008. *Id.* 6-13. At that time, the decision of the ALJ became the final decision of the Commissioner. 20 C.F.R. § 404.1581. Plaintiff commenced this proceeding for judicial review on 18 July 2008, pursuant to 42 U.S.C. § 405(g). *See* Compl. (D.E. 1).

### B. Standards for Disability

The Social Security Act ("Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). The Act goes on to describe the attributes an impairment must have to be disabling:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.

42 U.S.C. § 423(d)(2)(A).

The Act defines a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The burden of proving disability falls upon the claimant. *English v. Shalala*, 10 F.3d 1080, 1082 (4th Cir. 1993).

2

The disability regulations under the Act ("Regulations") provide the following five-step analysis that the ALJ must follow when determining whether a claimant is disabled:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in [20 C.F.R. § 404.1509], or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in [20 C.F.R. pt. 404, subpt. P, app. 1] ["listings"] . . . and meets the duration requirement, we will find that you are disabled. . . .
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity ["RFC"] and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .
>
> (v) At the fifth and last step, we consider our assessment of your [RFC] and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. § 404.1520(a)(4).

The burden of proof and production rests with the claimant during the first four steps of the analysis. *Pass*, 65 F.3d at 1203. The burden shifts to the Commissioner at the fifth step to show that alternative work is available for the claimant in the national economy. *Id.*

In the case of multiple impairments, the Regulations require that the ALJ "consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. § 404.1523. If a

3

medically severe combination of impairments is found, the combined impact of those impairments will be considered throughout the disability determination process. *Id.*

C. **Findings of the ALJ**

Plaintiff was 47 years old on the alleged onset date of disability and 51 years old on the date of the administrative hearing. Tr. 25, 29. Plaintiff has a high school education and his past work experience includes employment as an electrical foreman. *Id.* 25.

Applying the five-step analysis of 20 C.F.R. § 404.1520(a)(4), the ALJ made the finding at step one that plaintiff had not engaged in substantial gainful activity since his alleged onset of disability. *Id.* 25, 30 ¶ 2. At step two, the ALJ found that plaintiff had the following medically determinable impairments which were severe within the meaning of the Regulations, 20 C.F.R. § 404.1520(c): degenerative disk disease of the lumbar spine and non-insulin dependent diabetes mellitus. *Id.* 26, 30 ¶ 3. At step three, however, the ALJ found that plaintiff's impairments did not meet or medically equal any of the listings. *Id.* 26, 30 ¶ 4.

The ALJ determined that plaintiff has the RFC to perform a range of work at the light exertional level. *Id.* 28. Specifically, the ALJ found plaintiff able to: lift and/or carry up to 10 pounds on a frequent basis and up to 20 pounds on an occasional basis; stand and/or walk for a total of up to 6 hours per 8-hour workday; and sit (with normal breaks) for a total of up to 6 hours per 8-hour workday. *Id.* 28, 30 ¶ 7. The ALJ also determined that plaintiff must avoid more than occasional stooping or crouching and must have the option to alternate between sitting and standing at least every hour. *Id.* 28, 30 ¶ 7.

Based on this RFC, the ALJ found at step four that plaintiff could not perform any of his past relevant work. *Id.* 28, 30 ¶ 8. At step five, the ALJ found that, based on plaintiff's RFC, age,

4

educational background, and work experience, he was capable of making a successful adjustment to work that exists in significant numbers in the national economy, including electrical equipment tester or electric meter tester, cashier II, and electronics worker. *Id.* 29, 30 ¶ 12. In making this determination, the ALJ used Medical-Vocational Guidelines 202.15 and 202.22 (found in 20 C.F.R., pt. 404, subpt. P, app. 2) as a framework and relied on the testimony of a vocational expert. *See id.* 29, 30 ¶ 12.

## II. DISCUSSION

### A. Standard of Review

Under 42 U.S.C. § 405(g), judicial review of the final decision of the Commissioner is limited to considering whether the Commissioner's decision is supported by substantial evidence in the record and whether the appropriate legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Unless the court finds that the Commissioner's decision is not supported by substantial evidence or that the wrong legal standard was applied, the Commissioner's decision must be upheld. *See, e.g., Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla of evidence, but somewhat less than a preponderance. *Perales*, 402 U.S. at 401.

The court may not substitute its judgment for that of the Commissioner as long as the decision is supported by substantial evidence. *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992)

5

(*per curiam*). In addition, the court may not make findings of fact, revisit inconsistent evidence, or make determinations of credibility. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979). A Commissioner's decision based on substantial evidence must be affirmed, even if the reviewing court would have reached a different conclusion. *Blalock*, 483 F.2d at 775.

Before a court can determine whether a decision is supported by substantial evidence, it must ascertain whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983).

### B. Assessment of Plaintiff's Credibility

Plaintiff contends that the decision of the ALJ should be reversed on the sole ground that the ALJ failed to properly evaluate the credibility of plaintiff's allegations of pain and limitations regarding his back impairment, which he contends is disabling. The court disagrees that the ALJ erred.

As noted, this court is not permitted to make credibility assessments, but must determine if the ALJ's credibility assessment is supported by substantial evidence. *Craig*, 76 F.3d at 589. The ALJ's assessment involves a two-step process. First, the ALJ must determine whether plaintiff's medically documented impairments could cause plaintiff's alleged symptoms. *Id.* at 594-95. Next, the ALJ must evaluate plaintiff's statements concerning those symptoms. *Craig*, 76 F.3d at 595. If the ALJ does not find plaintiff's statements to be credible, the ALJ must cite "specific reasons"

6

for that finding that are "grounded in the evidence." *Dean v. Barnhart*, 421 F. Supp. 2d 898, 906 (D.S.C. 2006) (quoting Soc. Sec. R. 96-7p, 1996 WL 374186, *4 (2 July 1996)).

Here, plaintiff testified at the hearing that, as is undisputed, his lower back was injured on the job and he has had several surgeries on it from 2001 to 2003. Tr. 462. He stated that he suffers from lower back pain, left leg pain, and numbness and tingling in the legs. *Id.* 462-63. He said that he can not sit or stand for longer than 30 minutes at a time; ride in a car for more than one hour without rest; and bend or stoop without difficulty due to plates in his back. *Id.* 465. Plaintiff further testified that he tries to spend about an hour each day doing house and yard work, but needs to sit and rest afterwards for about two hours. *Id.* 464, 467. He also stated that he takes Percocet no more often than necessary for pain because when he takes it, he has to be where he can lay down all day. *Id.* 466. Instead, he sometimes takes eight-hour Tylenol for pain, although he testified that it usually only helps for a few hours. *Id.* In addition, plaintiff testified that he does not sleep more than three or four hours a night because he is up and down because of his back pain and sometimes must even sit in a recliner part of the night. *Id.* 462-63, 468.

The ALJ presented a summary of plaintiff's testimony in his decision. *Id.* 27. In assessing it, the ALJ made the step-one finding that plaintiff has "medically documented impairments that could reasonably be expected to produce the pain and other symptoms alleged." *Id.* 28. Plaintiff acknowledges that the ALJ made this finding. (Plf.'s Mem. (D.E. 9) at 9).

At the second step of the credibility assessment, the ALJ found that plaintiff's testimony was "somewhat incredible." *Id.* 27. He further stated that "the evidence did not support the [plaintiff's] allegations of the disabling intensity and persistence of . . . [the alleged] pain and other symptoms" (*id.* 28) and that "[t]he [plaintiff's] testimony lacks credibility as to symptoms" (*id.* 30 ¶ 5).

7

Plaintiff argues that the ALJ erred at this second step of the credibility assessment because he did not adequately specify the reasons for his credibility determination and the reasons given are not supported by substantial evidence. The court disagrees on both points.

The ALJ explained, in part, that plaintiff's testimony "is not consistent with the weight of the medical evidence." *Id.* In his decision, the ALJ reviews plaintiff's medical records comprehensively and makes apparent through numerous findings his view that the weight of the medical evidence shows plaintiff not to be disabled. *Id.* 25-26, 27, 28.

For example, the ALJ notes that at a follow-up visit in April 2004 after his most recent surgery, plaintiff's neurosurgeon, Dennis Bullard, M.D., advised plaintiff not to lift more than 20 pounds, thereby indicating that plaintiff could lift up to that weight. *Id.* 27, 436. The ALJ also cites to the repeated recommendations by physician Ley Barnett, M.D., whom plaintiff has seen for several years for back pain, that he be stricter about both diet and exercise. *Id.* 27, 345, 355-56, 405, 410, 420, 425-26, 428. The ALJ comments that this evidence "supported the notion that the [plaintiff] is capable of at least some physical activity." *Id.* 27. This evidence also suggests plaintiff's noncompliance with these physician instructions. Failure to follow prescribed treatment without good reason undermines a finding of disability. *See* 20 C.F.R. § 404.1530; Soc. Sec. R. 96-7p, 1996 WL 374186, at *7-8. In addition, the ALJ notes the advice of plaintiff's orthopedist, Stephen Montgomery, M.D., that he increase his physical activity and undertake light work. *Id.* 27, 272, 275.

The ALJ also pointed to the "quite normal" result of the neurological examination plaintiff had within twelve months after his last surgery, stating that it "is not very compatible with the disabling pain he claims." *Id.* 27, 321-22. The ALJ also cited a consultative examination of plaintiff

8

by Daniel Uba, M.D. in May 2004 which was "quite negative" (*i.e.*, showing few abnormalities) and the subsequent findings of another physician, Dr. Barnett, that plaintiff had normal strength and gait. *Id.* 27, 342, 344, 414, 416, 420, 427. The ALJ found that this evidence "seems inconsistent with any disabling pain." *Id.* 27.

In addition, the ALJ notes that he considered "the type, dosage, [and] effectiveness ... of any medication." *Id.* 28. Indeed, he states: "[Plaintiff] admitted he uses only occasional Percocet. Usually he uses Tylenol." *Id.* 27 (referencing testimony at *id.* 466); *see also id.* 283, 292, 294, 299 (physician notes on plaintiff's statements about adequacy of his medication). Use of one drug rather than another can reasonably be deemed evidence of the intensity of a claimant's pain level bearing on his credibility. *See* Soc. Sec. R. 96-7p, 1996 WL 374186, at *7-8.

The ALJ further explained that plaintiff's testimony "simply failed to support a finding of disability, inasmuch as the [plaintiff's] limitations can be accomodated [*sic*] such that he is able to perform jobs existing in the national economy, as discussed in greater detail below." Tr. 27. The ALJ thereby points to his analysis of plaintiff's RFC. In that regard, the ALJ notes that the RFC assessments by two nonexamining state agency consulting physicians, William Robie, M.D. and Frank Virgili, M.D., in both May and September 2004 found that plaintiff could perform a limited range of light work. *Id.* 28, 365, 381-82. The ALJ observes that this assessment is consistent with the limitation imposed by Dr. Bullard of lifting no more than 20 pounds, which the ALJ acknowledges he incorporated into his RFC determination. *Id.* 27, 28. The ALJ properly considered the state agency physician assessments in light of their consistency with the other evidence of record and other indicia of reliability. *See* 20 C.F.R. § 404.1527(f); Soc. Sec. R. 96-6p, 1996 WL 374180, at *2-3 (2 July 1996).

9

The ALJ also found that plaintiff's testimony showed he "does not appear to have much limitation of daily activities, despite his claims." Tr. 27. Plaintiff testified that he could drive, visit his wife at her job, do yard work, vacuum, wash dishes, cook, and wash clothes. *Id.* 464, 467, 468; *see also id.* 90-92 (listing by plaintiff of activities of daily living in April 2004 questionnaire).

In contrast to this and other evidence showing plaintiff's functional capacity, plaintiff has pointed to no medical opinions that he lacks the capacity to perform any work activity. Plaintiff's reliance on the 40 percent disability rating Dr. Bullard provided his back is feckless. *See id.* 314. It simply shows that, even if deemed accurate, plaintiff retains substantial functionality in his back. *See Stephens v. Heckler*, 766 F.2d 284, 285 (7th Cir. 1985) ("A person with a partial disability . . . is 'not disabled' under the Social Security Act . . . .").

Contrary to plaintiff's suggestion, the court does not believe the ALJ required objective evidence of the intensity and persistence of plaintiff's pain and other symptoms. *See Craig*, 76 F.3d at 592-93 ("However, while a claimant must show by objective evidence the existence of an underlying impairment that could cause the pain alleged, 'there need not be objective evidence of the pain itself.'") (quoting *Green v. Schweiker*, 749 F.2d 1066, 1070-71 (3d Cir.1984)). The ALJ expressly disclaimed imposing such a requirement (Tr. 28), and his thorough consideration of the evidence, including plaintiff's testimony and activities of daily living, substantiates that he did not do so.

Moreover, it is apparent that the ALJ did give some weight to plaintiff's complaints. The ALJ expressly found that plaintiff's lower back impairment was severe and found that plaintiff was limited to a range of light work, rather than work at a higher exertional level or a full range of light work. *Id.* 28, 30 ¶ 7.

10

Case 5:08-cv-00345-D   Document 19   Filed 06/24/09   Page 10 of 11

The court concludes that the ALJ's credibility determination is based on the proper legal standards and supported by substantial evidence. Plaintiff's challenge to the ALJ's decision is accordingly without merit.

### III. CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that the Commissioner's motion for judgment on the pleadings be ALLOWED, plaintiff's motion for judgment on the pleadings be DENIED, and the final decision of the Commissioner be AFFIRMED.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have ten business days to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

This, the 23rd day of June, 2009.

James E. Gates
United States Magistrate Judge